The Honorable Robert S. Lasnik
Noting Date:  June 8, 2026

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

RICHARD WIESER,

          Plaintiff,

   v.

HERTZ LOCAL EDITION
TRANSPORTING, INC.,

          Defendant.

Case No. 2:26-cv-00263-RSL

**DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NOTE FOR HEARING: JUNE 8, 2026**

## I.    INTRODUCTION

Plaintiff's Response in Opposition ("Response") does not cure the defects in the Second Amended Complaint ("SAC"). The SAC does not plead protected conduct required to state a wrongful discharge claim. Instead, it alleges that Plaintiff complained about a coworker's allegedly unsafe driving, not illegal or wrongful conduct by HLETI. Nor does it allege that Plaintiff exercised a legal right by invoking any statutory process or legal entitlement. Plaintiff's claim fails without those required elements.

Plaintiff also fails to state a claim under the alternative Perritt framework for wrongful discharge claims because he fails to identify a clear mandate of public policy. The Response instead relies on statutes governing general workplace safety and driving on public roads, which are insufficient as a matter of law.

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Plaintiff's remaining arguments do not save the SAC. His discovery arguments are irrelevant to the Rule 12(b)(6) inquiry because HLETI's Motion challenges the sufficiency of the pleadings. His merits arguments likewise depend on recasting a complaint about a coworker as a report of employer misconduct and converting an anonymous email into notice to HLETI, neither of which the SAC plausibly alleges.

Washington's public-policy tort is narrow, and Plaintiff's allegations do not fall within it. Because Plaintiff has now had three opportunities to plead a viable claim and has not done so, HLETI's Motion should be granted and the SAC should be dismissed with prejudice.

## II.     ARGUMENT

### A.     Plaintiff Has Not Alleged Protected Conduct to State a Wrongful Discharge Claim.

Washington recognizes wrongful discharge in violation of public policy only as a "'narrow exception to the at-will employment doctrine.'" *Henry v. Washington State Dep't of Health*, 2024 WL 1394232, at *4 (E.D. Wash. Mar. 29, 2024) (cleaned up) (quoting *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 723–24 (Wash. 2018)). To state such a claim, a plaintiff must show that the termination "'may have been motivated by reasons that contravene a clear mandate of public policy.'" *Martin*, 191 Wn.2d at 723 (quoting *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232 (1984)).

There are four established categories of wrongful discharge claims: (1) refusal to commit an illegal act, (2) performance of a public duty, (3) exercising a legal right or privilege, or (4) reporting employer misconduct. *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1134 (E.D. Wash. 2012); *Henry*, 2024 WL 1394232, at *4 (citing *Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 275 (2015)).

Plaintiff claims that his wrongful discharge claim satisfies the fourth category (whistleblower) and third category (exercising a legal right). He is wrong on both counts.

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

### 1.      Plaintiff Is Not a "Whistleblower."

Plaintiff's whistleblower claim fails because he never reported *employer* misconduct. *See Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 259 (2015); *Gardner v. Loomis Armored Inc.*, 128 Wn.2d 931, 937 (1996) (a whistleblower claim is one where an employee reports "illegal or wrongful *employer conduct*") (emphasis added). Instead, Plaintiff contends that he reported alleged speeding and reckless driving by a co-worker. He also does not claim to have opposed an unlawful policy, practice or action taken by HLETI. Thus, he is not a whistleblower for purposes of his wrongful termination in violation of public policy claim.

The court in *Bye v. Augmenix, Inc.* dismissed a wrongful termination claim similar to Plaintiff's based on allegations that the plaintiff reported that her co-worker was stealing money. 2018 WL 5619029, at *3 (W.D. Wash. Oct. 30, 2018). In *Bye*, the plaintiff alleged that she was a whistleblower because she reported that her co-worker was stealing money by submitting fraudulent travel reimbursements. *Id.* The court held that the plaintiff did not plead "sufficient factual allegations to demonstrate that Plaintiff was reporting misconduct of Defendant, as opposed to Defendant's employees." *Id.* at *4. Accordingly, the court granted the motion for judgment on the pleadings. The same is true here—Plaintiff's allegations do not relate to HLETI's alleged misconduct and cannot form the basis of a wrongful discharge claim.

Similar to *Bye*, Plaintiff tries to convert a complaint about a coworker into a report of employer misconduct by arguing that the coworker was driving an HLETI vehicle while working. Dkt. 30 at 4. That theory does not fit within the whistleblower category of wrongful discharge claims. The question is not whether HLETI could ever be liable in tort for an employee's driving. The question is whether Plaintiff reported illegal or wrongful *conduct by HLETI*. He did not. The SAC alleges that Plaintiff complained about a coworker's alleged speeding and reckless driving, not that HLETI directed, required, or maintained a policy permitting unlawful driving. SAC (Dkt. 26) ¶¶ 25, 30.

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Neither *Rose v. Anderson Hay & Grain* nor *Brundridge v. Fluor Federal Services, Inc.*, supports Plaintiff's argument that internal complaints about a coworker's allegedly reckless driving constitute protected whistleblower behavior. In *Rose*, the plaintiff claimed that he refused to falsify his time records and drive in excess of the federally mandated drive-time limits. *Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 273 (2015). *Rose* does not help Plaintiff because he alleges no comparable directive by HLETI and no refusal to violate the law. *Brundridge* is also not on point because it did not hold that an internal complaint about a coworker's alleged traffic violation constitutes a report of employer misconduct for purposes of a whistleblower claim. *Brundridge v. Fluor Federal Services, Inc.*, 164 Wn.2d 432 (2008).

Finally, Plaintiff's circular theory that HLETI's alleged failure to respond to his complaint was itself the employer misconduct does not cure these defects. The alleged employer misconduct cannot be the employer's response to the same complaint that Plaintiff says was protected whistleblowing. Otherwise, every workplace complaint would become a report of employer misconduct whenever the employee later alleges that the employer's response was inadequate. Washington's narrow public-policy exception does not extend that far.

Plaintiff has not alleged protected conduct within the fourth category, and his wrongful discharge claim should be dismissed.

### 2.    Plaintiff Did Not Exercise a Legal Right.

Plaintiff also fails to plead that he was discharged for exercising a legal right or privilege. Plaintiff argues that filing an internal complaint about allegedly unsafe working conditions is "a quintessential exercise of the right preserved by RCW 49.17.160." Dkt. 30, at 5. While Plaintiff identifies RCW 49.17.160, he does not plead that he invoked the statutory procedure created by that section by filing a safety complaint with the Washington Department of Labor and Industries ("L&I"). Instead, he alleges only an internal workplace complaint about a coworker. Plaintiff

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

cites no authority holding that such an internal complaint, without more, falls within the third category of wrongful discharge claims.

The third category—exercising a legal right—applies when an employee invokes or asserts a legal entitlement or formal legal protection conferred by statute or law, such as filing a workers' compensation claim or using a prescribed statutory complaint process. *See Lins v. Children's Discovery Centers of Am., Inc.*, 95 Wash. App. 486, 492–93 (1999) (listing examples of exercising a legal right or privilege). It does not convert every internal workplace complaint into the exercise of a legal right.

Plaintiff never filed a complaint with a government agency regarding his coworker's allegedly unsafe driving. Likewise, he cites no authority holding that an internal complaint about a coworker's alleged driving, without more, constitutes exercising a legal right.

Plaintiff responds to this authority by mischaracterizing HLETI's position twice. First, the Response claims that HLETI argued that Plaintiff's claim fails because he did not file a complaint with L&I. To the contrary, HLETI argued that, to the extent that the Complaint included a claim under the anti-retaliation provision of WISHA, RCW 49.17.160, that claim failed because Plaintiff did not comply with the procedures of that section. Dkt. 28, at 9 ("any cause of action based on RCW 49.17.160 fails" because Plaintiff did not "allege that he filed a claim with L&I" and did not "allege that he received a letter of closure from L&I.").

Second, the Response argues that HLETI "contended that filing a workers' compensation claim is the *only* example of 'exercising a legal right.'" Dkt. 30, at 5 (emphasis added). In fact, HLETI's Motion stated: "Filing a worker's compensation claim is the ***canonical example*** of exercising one's legal right." Dkt. 28, at 6 (emphasis added). Plaintiff cannot avoid dismissal by attributing arguments to HLETI that it did not make.

For these reasons, the SAC fails to allege that Plaintiff exercised a legal right and cannot state a wrongful termination claim under that theory.

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

**3.      The SAC Does Not Plead Causation Based on the March 28, 2025 Email.**

Plaintiff mischaracterizes HLETI's Motion by arguing that its "centerpiece" argument is that Plaintiff's March 28, 2025 complaint was anonymous. In fact, HLETI raised this secondary argument briefly and in the alternative. *See* Dkt. 28, at 6:5–13 (spanning nine lines of HLETI's Motion). That said, the anonymous nature of Plaintiff's March 28, 2025 email complaint is an alternative basis for dismissal.

Plaintiff's supervisors were not aware that Plaintiff had made a complaint on March 28, 2025 because his email complaint was anonymous. Accordingly, Plaintiff cannot show causation as a matter of law. *See Brooks-Joseph v. City of Seattle*, 697 F. Supp. 3d 1085, 1107 (W.D. Wash. 2023) (dismissing wrongful termination claim where plaintiff failed to show that her supervisors were aware of her alleged whistleblower complaint at the time of her termination); *see also Dunn v. Bates Tech. Coll.*, 2023 WL 6626584, at *8 (W.D. Wash. June 7, 2023) (same).

Plaintiff cannot avoid dismissal by recasting the March 28, 2025 complaint as an in-person complaint to his supervisor. The SAC alleges that Plaintiff "made a formal, good-faith protected complaint" to his supervisor and that the supervisor "received" the complaint, SAC ¶¶ 25, 30, but it does not allege that Plaintiff made the complaint in person or verbally.

The Court may also consider the March 28 email because the SAC repeatedly references the March 28 complaint as alleged protected activity leading to Plaintiff's termination. *See* SAC ¶¶ 19, 25, 29, 30, 31, 40; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). The incorporated email shows an anonymous complaint, and the SAC pleads no nonconclusory facts showing that any decisionmaker knew or suspected that Plaintiff authored it. Thus, the March 28 email was incorporated into the SAC by reference.

Plaintiff argues that his claim survives even if it is based on the anonymous March 28 email because under *Cornwell v. Microsoft Corp.* he needs to show only that HLETI knew or suspected he engaged in protected activity. Dkt. 30, at 10. This argument fails because it

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 6

contradicts the March 28 email incorporated by reference into the SAC. Plaintiff cannot use his Response to make speculative arguments that his supervisor knew who authored the anonymous March 28 email because such arguments contradict and are inconsistent with this email. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (holding that courts need not accept allegations that contradict documents properly before the court).

Lastly, Plaintiff cannot avoid the anonymity problem by relying on 2024 complaints. The SAC expressly bases causation on "the temporal proximity between Plaintiff's March 28, 2025 protected complaint and the April 21, 2025 termination," SAC ¶ 40, not on any alleged 2024 complaint. Plaintiff cannot amend his pleading through his Response by recasting the theory of retaliation as one based on 2024 complaints. Even if the SAC had pleaded the 2024 complaints as independently actionable protected activity, those complaints are too remote to support causation. They allegedly occurred nearly eleven months before Plaintiff's April 2025 termination, and temporal proximity must be "very close" to support an inference of retaliation. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003) (holding that a nine-month gap does not support an inference of causation); *Rhine v. Buttigieg*, No. 2:20-CV-01761-RAJ-BAT, 2022 WL 18673225, at *11 (W.D. Wash. Nov. 22, 2022) (holding that a complaint filed four years before the investigation leading to removal was too remote to support causation).

**B.      The SAC Does Not Meet the Perritt Test.**

Plaintiff's alternative reliance on the Perritt test does not save his wrongful discharge claim. To state a claim under the Perritt framework, Plaintiff must plead facts supporting each of four elements: "(1) The plaintiffs must prove the existence of a clear public policy (the clarity element). (2) The plaintiffs must prove that discouraging the conduct in which they engaged would jeopardize the public policy (the jeopardy element). (3) The plaintiffs must prove that the public-policy-linked conduct caused the dismissal (the causation element). (4) The defendant must not be able to offer an overriding justification for the dismissal (the absence of justification

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

element).” *Martin*, 191 Wn.2d at 723 (quoting *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 941 (1996)).

HLETI’s Motion turns on the first Perritt element—clarity. The SAC fails this element because Plaintiff has not established a clear mandate of public policy. Thus, Plaintiff’s arguments that he established the other elements of a wrongful discharge claim are unnecessary.

Two cases—*Sheaffer v. Superior Tank Lines Nw. Div., LLC* and *Hause v. Spokane County*—are instructive and hold that general workplace safety statutes like the ones Plaintiff relies on here do not supply a clear mandate of public policy. In *Sheaffer*, the plaintiff argued that general safety statutes and policies, including gun-safety principles, supplied a clear mandate of public policy. *See Sheaffer*, 2019 WL 2476636, at *1 (W.D. Wash. June 13, 2019). The court rejected that argument because the plaintiff did not identify a sufficiently specific public policy tied to the alleged workplace complaint. *Id.* at *3–4.

Likewise in *Hause v. Spokane County*, 31 Wn. App. 2d 1076 (2024) (unreported), the plaintiff attempted to base a wrongful discharge claim on WISHA after allegedly reporting workplace violence. The court rejected the claim because “WISHA rules do not mention workplace violence” and the plaintiff therefore failed to identify a clear public policy that supported his claim. *Hause*, 31 Wn. App. 2d 1076, at *8.

*Sheaffer* and *Hause* apply here. Plaintiff alleges that he reported threatening behavior by a coworker. SAC ¶¶ 25, 30. But he identifies no WISHA rule that covers workplace violence or threats by coworkers. The Response instead relies on the same general workplace-safety policy that *Hause* held was insufficient. Plaintiff also invokes broad workplace-safety and traffic-safety principles, but he does not identify a specific public policy that protects the particular workplace complaints alleged in the SAC. *See* SAC ¶¶ 22, 24. Nor do the cited traffic statutes change the result, because they regulate drivers’ conduct and do not create a clear public policy protecting

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.’S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF’S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

an internal complaint about a coworker's alleged traffic violation. SAC ¶ 23. These allegations are not enough to plead the clarity element.

The Response does not distinguish *Sheaffer* or *Hause*, and those cases foreclose reliance on the general safety provisions Plaintiff invokes.

**C.      Plaintiff's Discovery Arguments Do Not Affect the Rule 12(b)(6) Analysis.**

Plaintiff's procedural-posture argument focuses on alleged discovery issues that are not relevant to HLETI's Motion. HLETI's Motion challenges the SAC on its face. Because HLETI's Motion rests on the SAC's failure to allege actionable whistleblower conduct or a clear mandate of public policy, the Motion should be granted.

First, Plaintiff's argument that HLETI's Motion "rests on extrinsic evidence" is not correct. As explained above, Plaintiff's March 28 anonymous email complaint was incorporated by reference into the SAC because the SAC claims that Plaintiff's March 28 complaint was the purported protected activity. Accordingly, the Court may consider the email without converting the Motion under Rule 12(d). *See Khoja*, 899 F.3d at 1002. Further, Plaintiff's assertion that HLETI is withholding discovery is false, is not properly before the Court, and does not bear on whether the SAC states a claim.[1] Because HLETI's Motion challenges only the legal sufficiency of the allegations in the SAC, Rule 56(d) is inapplicable, and Plaintiff's complaints about discovery do not provide a basis to deny or defer resolution of the Motion.

Second, Plaintiff's claim that HLETI's discovery responses contradict the Motion is incorrect. HLETI's position is consistent: even accepting the SAC's allegations as pleaded, Plaintiff does not allege conduct that qualifies as protected activity as a matter of law.

---

[1] While not relevant to the Motion, HLETI had produced more than 500 pages of documents at the time Plaintiff filed his Response. Moreover, HLETI is not withholding documents, as HLETI has repeatedly explained to Plaintiff's counsel. Finally, while Plaintiff refers to specific documents that allegedly support his argument, he did not file those documents with the Response. *See* Dkt. 30, at 12.

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Third, there is no basis to deny the Motion based on Plaintiff's argument about the alleged omission of Ziba Dean from HLETI's initial disclosures. Dkt. 30, at 12. Alleged deficiencies in Rule 26 disclosures have no bearing on whether the SAC states a claim under Rule 12(b)(6) and therefore provide no basis to deny the Motion.

Plaintiff cannot defeat dismissal by invoking discovery that is irrelevant to whether the existing allegations in the SAC state a viable claim. Because HLETI's Motion turns on the sufficiency of the SAC, Plaintiff's discovery complaints do not affect the Rule 12(b)(6) analysis and provide no basis to deny the Motion.

**D.      Dismissal with Prejudice Is Warranted.**

Dismissal with prejudice is warranted because Plaintiff has already had multiple opportunities to cure the defects in his wrongful termination claim and has failed to do so. In *Al-Bustani v. Alger*, No. C22-5238JLR, 2023 WL 3120747, at *4 (W.D. Wash. Apr. 27, 2023), this Court dismissed a complaint with prejudice where the plaintiff had amended twice, attempted to cure the deficiencies in his claims, and failed to identify what additional facts he would plead if granted leave to amend. *Id.* The Court held that dismissal without leave to amend was warranted. *Id.* (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend.... Accordingly, amendment would be futile.")).

The same result is warranted here. HLETI moved to dismiss Plaintiff's original Complaint, the First Amended Complaint, and now the SAC on the basis that Plaintiff's wrongful termination claim fails as a matter of law. Thus, Plaintiff's argument that HLETI "recycles arguments" from its prior motion supports, rather than undermines, HLETI's request for dismissal with prejudice. HLETI made same arguments precisely because Plaintiff's amendments have not materially changed his theory or cured the defects in his claim. Moreover, the Court struck HLETI's Motion to Dismiss Plaintiff's First Amended Complaint as moot

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

"without prejudice to refiling as appropriate." Dkt. 25, at 2. Thus, the fact that the Court did not reach the merits of the prior motions does not weigh against dismissal with prejudice; it simply reflects that Plaintiff amended and the SAC became the operative pleading.

Plaintiff has now had multiple opportunities to allege protected conduct and a clear mandate of public policy. His Response identifies no additional facts that he would plead if granted another opportunity. Further amendment would therefore be futile, and the SAC should be dismissed with prejudice.

### III.    CONCLUSION

Plaintiff's Response confirms that the SAC does not allege protected conduct within either common category Plaintiff invokes and does not identify a clear public policy implicated by his termination. The SAC remains deficient after multiple amendments. Because the SAC fails to plead essential elements of Plaintiff's claim, and because further amendment would be futile, the Court should dismiss the Second Amended Complaint with prejudice.

I certify that this memorandum contains 3,253 words, in compliance with Local Civil Rule 7(e)(4).

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 11

Dated June 1, 2026                              SEYFARTH SHAW LLP


                                                By:  */s/Lauren Parris Watts*
                                                     Lauren Parris Watts, WSBA No. 44064


                                                By:  */s/Daniel Culicover*
                                                     Daniel O. Culicover, WSBA No. 55085
                                                     999 Third Avenue, Suite 4700
                                                     Seattle, Washington 98104-4041
                                                     Phone:   (206) 946-4910
                                                     Email:   lpwatts@seyfarth.com
                                                              dculicover@seyfarth.com


                                                *Counsel for Defendant Hertz Local Edition*
                                                *Transporting, Inc.*

DEFENDANT HERTZ LOCAL EDITION TRANSPORTING, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
CASE NO. 2:26-CV-00263-RSL - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325970731v.3